## Case No. 8,735.

### McCUE v. WASHINGTON.

[3 Cranch, C. C. 639.] [1]

Circuit Court, District of Columbia. June 23, 1829.

LOTTERY—MANAGERS—ISSUING TICKETS—BOND OF MANAGERS—HOLDER OF PART TICKET — PLEADING AT LAW — GENERAL DEMURRER — BAR TO PLEA OF LIMITATIONS.

1. The managers of "The Lottery for Building Lancastrian School-houses, a Penitentiary, and City Hall, in Washington City," had no authority to sell quarters of tickets, so as to multiply causes of action against the corporation.

2. The holder of a prize ticket cannot, without the consent of the corporation, maintain an action against the managers upon their bond to the corporation; who may order the suit to be dismissed.

3. Upon a general demurrer, the judgment must be against him who commits the first substantial fault in the pleadings.

4. A special demurrer operates as a general demurrer, as to all the pleadings of the party demurring.

5. A rejoinder is bad, which avers several distinct answers to the replication, or puts in issue t. the jury matter of law.

6. The fact that the plaintiff brought an action, in the name of the corporation of Washington, against the managers, upon their bond, to recover one fourth part of the prize drawn upon or by the ticket No. 1037, which action was dismissed by the corporation, after it had been pending three years in court, is no bar to the plea of the act of limitations.

7. The corporation of Washington were not liable to the holder of a quarter of a ticket, suing alone.

8. A general demurrer to the declaration must be overruled if it contain one good count, although it contain also three bad counts.

Assumpsit, for one fourth part of the prize of $10,000, drawn upon ticket No. 1037, in the first class of a lottery called "The National Lottery."

The declaration contained four counts: 1. The first count sets forth the amended charter of the city of Washington, of May 4, 1812; the by-law of July 24, 1815; the managers' bonds; the scheme of the lottery, first class, 19th December, 1817. That the managers issued and exposed to sale the ticket No. 1037, by which the defendants promised to pay to the possessor thereof such prize as might be drawn to the said number, if demanded within twelve months, &c., subject to a deduction of fifteen per cent. &c. That the plaintiff, on the 1st of July, 1818, "for a full and valuable consideration paid by him, became the purchaser and lawful possessor of one fourth part, or quarter share, of the said last mentioned ticket." That the drawing of the said lottery was finished July 21, 1819, and that the said ticket, No. 1037, was drawn to a prize of $10,000; "by means whereof the plaintiff became entitled to have and demand of the said defendants the one fourth part of the said $10,000, subject," &c.; "and the plaintiff, being so entitled, on the 1st of October, 1819, demanded of the defendants payment of the said quarter share, or fourth part of the said prize; by means whereof the defendants became liable and bound to pay to the plaintiff the said quarter part of the said $10,000, subject," &c., "according to the tenor and effect of the said ticket; and, being so liable, in consideration thereof, afterwards," &c., "undertook and promised the plaintiff to pay him the said last-mentioned sum of money," &c. 2. The second count was like the first, except that it did not set forth the charter and by-law at large, and did not mention the bonds of the managers. 3. The third count, after stating the lottery, and that the defendants, by their managers, issued and offered for sale the ticket No. 1037, says that

[1] [Reported by Hon. William Cranch, Chief Judge.]

16 FED. CAS.—1

the plaintiff, on the 1st of July, 1818, became the lawful owner and possessor of one fourth part, or quarter share of the said ticket, No. 1037, which, in the course of the drawing, which terminated on the 21st of July, 1819, drew $10,000; and, on the 1st of October, 1819, the plaintiff demanded of the defendants payment of the said fourth part of the said prize, "by means whereof the defendants became liable," &c. &c. 4. The fourth count is for money had and received.

To this declaration the defendants pleaded: 1. Non assumpserunt. 2. Non assumpserunt infra tres annos. 3. Actio non accrevit infra tres annos.

Upon the first plea, the issue was joined. To the pleas of limitation, the plaintiff, in his replication, says that he ought not to be precluded from having his action, because he says, "That the defendants standing in the relation of trustees for the benefit of the fortunate adventurers in the said lottery, and for the purpose of insuring the payment of such prizes as they should draw therein, took bonds from the said managers respectively, each in the penal sum of $10,000, to be paid to the said defendants, if the said managers should not diligently and impartially exercise and perform the duties and authority vested in them by the said ordinance of the 24th of July, 1815; and that afterwards, when the said lottery had been fully drawn, and the said plaintiff had demanded of the said managers the payment of the said prize so as aforesaid drawn by him, and the said managers had refused to pay the same, or any part thereof; and when the plaintiff had obtained from the register of the said corporation of the city of Washington, who had the lawful custody thereof, copies of the said bonds taken as aforesaid from the said managers, and instituted suits thereon in the name of the said defendants, for the use of the said plaintiff against the said managers (without any objection made thereto by the said defendants) for the recovery of his share of the said prize so as aforesaid drawn; and when the said plaintiff had prosecuted the said suit in the circuit court of the United States for the District of Columbia, and for the county of Washington, and in the supreme court of the United States by writ of error; and when, by mandate from the said supreme court to the said circuit court, the said plaintiff was about to receive the benefit of the said suit by obtaining a judgment against the said managers for his share of the said prize, they, the said defendants, in violation of their duty, and in utter disregard of the trust so reposed in them by every law of decent morality, and by the fair intendment of the said act of congress, did then, that is to say, on the 1st of January, 1825, at the county aforesaid, by virtue of their authority, as plaintiffs at law (the suit being in their name as plaintiffs) cause the said suits to be dismissed, whereby the said plaintiff was unjustly and oppressively deprived of all benefit derivable from the said suits; and this the said plaintiff is ready to verify, whereupon he prays judgment." &c.

To this replication the defendants rejoined as follows: "And the said defendants pray oyer of the copy of the bond and condition thereof, in the said replication mentioned; and it is read to them as follows, to wit," &c. They also "pray oyer of the record and process of the said suit in this court; and of the said mandate from the said supreme court in the said replication mentioned, and the same are read to them as follows," &c. "All which being read and heard, the defendants say, that the plaintiff ought not to have or maintain his action aforesaid against them, by reason of any thing by him above pleaded or alleged by way of replication to the second and third pleas of the said defendants," because they say that they did not take the "said bonds as trustees for the said plaintiff, or other of the fortunate adventurers in the said replication mentioned; nor was the said suit in the said replication mentioned, commenced or prosecuted by the said defendants, or with their assent or authority, for the use of the said plaintiff against the said managers; nor was the plaintiff about to recover any judgment in the said suit, against the said managers in virtue of the said mandate or otherwise; nor did the defendants, in fraud or violation of their said pretended trust, cause the said suit to be dismissed; nor did the defendants, at any time, within three years next before the commencement of this suit, make any such promise or assumption as in the said declaration is alleged; nor did the plaintiff's cause of action aforesaid arise, or in any manner accrue at any time within the said three years, in manner and form as the plaintiff, in his said replication to the said second and third pleas of the defendants, has above pleaded and alleged, and of this he puts himself upon the country." To this rejoinder the plaintiff demurred; and stated for cause of demurrer, that the defendants have thereby tendered an issue to the country; which issue is not responsive to the said replication; and is an immaterial issue.

Ashton & Key, for plaintiff.
Wallach & Jones, for defendants.

CRANCH, Chief Judge (THRUSTON, Circuit Judge, not sitting in this cause). Upon a general demurrer the judgment must be against the party who commits the first substantial fault in pleading. The demurrer, in this case, is special only so far as regards the rejoinder, which avers so many distinct answers to the replication, involving several negatives pregnant, and putting in issue to the jury, matters of law mingled with allegations not responsive to the replication, as to make it a bad rejoinder. But the replication itself is not a sufficient legal justification for not bringing the suit within three years. It

confesses and attempts to avoid the plea of the statute of limitations, by showing that the plaintiff instituted suits in the name of the defendants, (without any objection by them,) against the managers, whereby the three years were expended, when the defendants, by virtue of their authority as legal plaintiffs, dismissed the suits. This is certainly no legal bar to the operation of the act of limitations. The supreme court of the United States, in the case of Corporation of Washington v. Young, 10 Wheat. [23 U. S.] 406, upon the same ticket No. 1037, decided that the holders of the ticket had no right to use the name of the corporation, and sue upon the managers' bond, without the consent of the corporation, and that no consent appeared to be given in that case; and it was upon the return of that cause to this court, by mandate, after having reversed the judgment and set aside all the pleadings up to the declaration that the plaintiffs in that cause (the now defendants) caused the suits to be dismissed as mentioned in the replication. The replication, therefore, cannot be maintained.

The pleas are good: but the first three counts of the declaration are not sufficient to support the action, because they do not state of whom the one fourth of the ticket was purchased; and because the defendants are not liable for a quarter ticket, suing alone; the only obligation of the corporation being upon the contract contained in the whole ticket, signed by their managers, as was decided in this court, in Shankland v. Washington [Case No. 12,703], at May term, 1828. The fourth count, however, for money had and received, is a good count, and, therefore, the judgment upon the demurrer cannot be for the defendant, although the first three counts are insufficient, because the plaintiff's special demurrer to the defendant's rejoinder, is special as to that rejoinder only, but operates as a general demurrer to the whole declaration; and upon a general demurrer to the whole declaration, if there be one good count, the demurrer must be overruled. But the plaintiff's replication to the second and third pleas, being insufficient to support his action, the judgment upon this demurrer must be for the defendants.

It was stated by the plaintiff's counsel, in the course of the argument in this cause, that it was the wish of the parties, that the court should decide the merits of the case upon this demurrer; and that they would ask leave to amend the declaration if the court should be of opinion that, by any such amendment as could be made consistently with the facts which appeared on the trial of the former cases, namely, Washington v. Young [Case No. 17,241]; Clark v. Washington [Id. 2,839]; and Shankland v. Washington [supra],—the plaintiff would be entitled to recover. The court has looked into those cases, and finds that although Davis, who sold to the plaintiff this quarter of a ticket, and Gillespie, who sold the ticket to Clark, must, under the decision of the supreme court in Clark's case, be considered as the agents of the corporation for the sale of tickets, yet, that they had no right to sell less than a whole ticket, or to sell a fractional part of a ticket, so as to multiply the causes of action against the corporation at their pleasure. In the plaintiff's printed statement of the case for the supreme court in the case of Corporation of Washington v. Young [supra], it is said that the original ticket, No. 1037, was never in the possession of the parties for whose use the suit was brought; but was retained by Gideon Davis, who sold four quarters of the said ticket, each quarter being in the terms following: "By authority of congress, $30,000 highest prize, quarter of No. 1037, in the lottery for building Lancastrian school-houses, a penitentiary, and city hall, in Washington city, payable sixty days after the completion of the drawing. Gideon Davis, 4th." And it is stated "that the said Gideon Davis, since the completion of the drawing of the said lottery, and before the bringing of this suit, delivered to the said managers the said original ticket, No. 1037, towards the securing and paying of the money stipulated to be paid by him, under the contract recited and set forth in the said condition," that is, of Davis's bond to the managers. The ticket had been sold and delivered by the managers to the said Davis, under that contract. It will be perceived that the certificate given by Davis for the quarter of the ticket, appears to be his own individual act. It does not name the managers, nor allude, in any manner, to the authority or responsibility of the corporation of Washington. We think, therefore, that it must be considered as his personal engagement only, and that it cannot, in any manner, bind the corporation. The judgment upon this demurrer must, therefore, be for the defendants.